**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAFAEL LOPEZ-RUIZ,<br><br>        Petitioner,<br><br>   v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>        Respondent. | No. 13-74477<br><br>Agency No. A092-964-796<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:    GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

   Rafael Lopez-Ruiz, a native and citizen of El Salvador, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for withholding of

removal and protection under the Convention Against Torture ("CAT").  We have

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review de novo questions of law, *Alcaraz v. INS*, 384 F.3d 1150, 1158 (9th Cir. 2004), and we review for substantial evidence the denial of CAT relief, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008).  We review for abuse of discretion a particularly serious crime determination.  *Arbid v. Holder*, 700 F.3d 379, 383 (9th Cir. 2012).  We deny the petition for review.

The agency did not abuse its discretion in determining that Lopez-Ruiz's conviction for committing lewd and lascivious acts upon a child under 14 years old in violation of California Penal Code § 288(a) is a particularly serious crime under 8 U.S.C. § 1231(b)(3)(B)(ii) that renders him ineligible for withholding of removal.  The agency applied the correct legal standard as set forth in *Matter of N-A-M-*, 24 I. & N. Dec. 336, 342 (BIA 2007), and properly considered the record of conviction and Lopez-Ruiz's testimony in making its determination.  *See Anaya-Ortiz v. Holder*, 594 F.3d 673, 678-80 (9th Cir. 2010) (the agency may consider all reliable information in making a particularly serious crime determination).  The BIA did not err in declining to address Lopez-Ruiz's contention that the IJ improperly considered the police report, where the particularly serious crime determination was supported by other evidence in the record.  *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).  Lopez-Ruiz's contentions that the

BIA engaged in impermissible factfinding and failed to consider all of the evidence are unsupported by the record.

Substantial evidence supports the agency's denial of CAT relief on the ground that Lopez-Ruiz failed to demonstrate it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**